(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of New York

IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.

**NOV 2 8 2007** ★

UNITED STATES OF AMERICA

V.

HADIATOU BARRIE

**AMENDED JUDGMENT IN A CRIMINAL CASE**

TIME A.M.

Case Number: CR06-00631 (CBA)

USM Number:

Andrew Tilem, Esq. (AUSA Robert Radick)
Defendant's Attorney

**Date of Original Judgment:** April 20, 2007
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**Page 3, omission of the name of the payee.**

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐
to _____ 28 U.S.C. § 2255 o
☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

X pleaded guilty to _1 and 2 of Superseding Information_

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 1349 | Conspiracy to commit wire fraud, a Class felony. | | |

The defendant is sentenced as provided in pages 2 _through 5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) _underlying Indictment_ X is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 27, 2007
Date of Imposition of Judgment

s/ CBA
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

November 27, 2007
Date

DEFENDANT:    HADIATOU BARRIE
CASE NUMBER:  CR06-00631 (CBA)

# PROBATION

The defendant is hereby sentenced to probation for a term of :
4 years

It is a special condition that the defendant serve 6 months under monitored home detention as directed by the USPD.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        HADIATOU BARRIE
CASE NUMBER:      CR06-00631 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment   | Fine   | Restitution    |
|------------|--------------|--------|----------------|
| TOTALS     | $ 100.00     | $      | $ 89,362.00    |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| *All Systems Satellite Distributors 766 East 93rd St. Bklyn, NY 11236 Attn: Richard Logiudice | | $89,362.00 | |

| TOTALS | $ _____ | $ _____ |
|--------|----------------|----------------|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for   ☐ fine   ☐ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      HADIATOU BARRIE
CASE NUMBER:    CR06-00631 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ ___100.00_____ due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Order of Forfeiture.

SCR:EDB:DAL
F.#2004R00005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

HADIATOU BARRIE,

      Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

06 CR 631 (CBA)

WHEREAS, in the Forfeiture Allegation of the Indictment in the above-captioned case, the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and

WHEREAS, on December 7, 2006, the defendant entered into a plea agreement with the United States in which he pled guilty to Count One of the above captioned Indictment charging a violation of 18 U.S.C. § 1349; and

WHEREAS, at the time of his guilty plea, the defendant consented to the entry of an Order of Forfeiture as set forth below:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   The defendant will forfeit to the United States the following property: $89,362 in United States currency.

2.   Upon entry of this Order, the United States is

authorized to effect seizure and forfeiture of the aforesaid property and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States Marshals Service for the Eastern District of New York shall dispose of the forfeited property in accordance with applicable laws and regulations.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. If the defendant fails to forfeit the property specified herein, the United States is authorized to execute the balance of any monies due against any and all property, real or personal, of the defendant, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law. In accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is hereby authorized to conduct any discovery necessary to help identify, locate, or dispose of the property subject to forfeiture.

6. The Clerk of Court shall forward six certified copies of this Order to Special Assistant U.S. Attorney Douglas A. Leff, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201, telephone (718)-254-6035.

Brooklyn, New York
Dated: _April 20, 2007_

SO ORDERED:

HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE